UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CARSON SMITH,

       Plaintiff,

v.

CHAD E. MARKWELL,
CONNIE LESTER,
NATHAN MIKEL,
MAGEN OAKS,
MARGARET OUELETTE,
PETER SICES,
HEIDI WASHINGTON, and
GRAND PRAIRIE
HEALTHCARE SERVICES,

       Defendants.
_____/

Case No. 2:23-cv-11067
District Judge Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

**ORDER SETTING DEADLINE FOR THE MDOC'S RESPONSE TO THE COURT'S JUNE 18, 2024 TEXT-ONLY ORDER REGARDING PLAINTIFF'S MOTION FOR SUBSTITUTION (ECF No. 52) and DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 55)**

Christopher Carson Smith is currently located at the Michigan Department of Corrections (MDOC) Cooper Street Facility (JCS).  (ECF No. 56, PageID.761.) This case has been referred to me for pretrial matters.  (ECF Nos. 7, 10.)  Prior to addressing the two currently pending dispositive motions (ECF Nos. 40, 45), the Court will address two somewhat related matters, each filed by Plaintiff.

1

A.     **Plaintiff's motion for substitution (ECF No. 52)**

On March 20, 2024, the MDOC Defendants filed a suggestion of death, attached to which is Chad Everett Markwell's certificate of death dated November 11, 2023. (ECF No. 43.) The filing proposes Markwell's wife, Crystal Markwell, as his successor. (ECF No. 43, PageID.318.)

On May 17, 2024, Plaintiff filed a motion for substitution (ECF No. 52), as to which the MDOC Defendants filed a response (ECF No. 54) and Plaintiff filed a reply (ECF No. 56). Meanwhile, on June 18, 2024, the Court directed counsel for the MDOC Defendants "to provide evidence showing: (1) the suggestion of death (ECF No. 43) was served upon Crystal Markwell in accordance with Fed. Rules Civ. P. 4 and/or 25(a)(3); and, (2) the legal basis (e.g., personal representative, executor, trustee, etc.) that she is the appropriate representative of the Estate of Chad Markwell." (June 18, 2024 Text-Only Order.)

To date, no such evidence has been placed on the record. Upon consideration, counsel for the MDOC Defendants shall have up to and including **Friday, July 26, 2024** by which to comply with the Court's June 18, 2024 text-only order.

B.     **Plaintiff's motion to strike (ECF No. 55)**

On June 13, 2024, Plaintiff filed a motion (ECF No. 55) to strike the GPHS Defendants' reply (ECF No. 53), as: (1) violating Fed. R. Civ. P. 7.1(d)(3)(B);

2

and, (2) "raising arguments not presented in their original motion . . . ." (ECF No. 55, PageID.745; *see also id*., PageID.750-752.)

### 1. Whether the reply (ECF No. 53) exceeds Fed. R. Civ. P. 7.1(d)(3)(B)'s page limit?

"The text of a reply brief, including footnotes and signatures, may not exceed 7 pages." E.D. Mich. LR 7.1(d)(3)(B). In response to Plaintiff's motion, the GPHS Defendants contend their reply brief "was over the allowed page limit due to excusable neglect[,]" namely a formatting error. (ECF No. 57, PageID.768.) In his reply, Plaintiff suggests that, even if Defendants' formatting error on their reply (ECF No. 53) was a mistake, the proofs of service were falsified (or missing) for the GPHS Defendants' April 1, 2024 dispositive motion (*see* ECF No. 45, PageID.360) and the GPHS Defendants' June 27, 2024 response (*see* ECF No. 57, PageID.771); thus, there is "a lack of respect for the Court rules[.]" (ECF No. 58, PageID.773.)

Preliminarily, whatever issue Plaintiff takes with the GPHS Defendants' proofs of service, Plaintiff has responded to each filing (*see* ECF Nos. 49, 51, 58). More to the point, upon consideration, although defense counsel's signature appears on the eighth page of Defendants' filing (*see* ECF No. 53, PageID.741), approximately one half of the first page is taken up by the case caption (*see id*., PageID.734); thus, the Court finds that Defendants' filing (ECF No. 53) does not offend E.D. Mich. LR 7.1(d)(3)(B).

### 2. Whether the reply (ECF No. 53) raises new arguments?

"'[C]ourt decisions have made it clear that the appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief.'" *United States v. Jerkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989) (quoting 16 C. Wright, A. Miller, E. Cooper, & E. Grossman, *Federal Practice and Procedure* § 3974 at 428 (1977)). In response to Plaintiff's motion, the GPHS Defendants argue that they "did not raise any new *arguments* in their reply brief[.]" (ECF No. 57, PageID.769-771 (emphasis added).) The Court agrees.

The GPHS Defendants' underlying dispositive motion is a combined Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim and Fed. R. Civ. P. 56(a) motion for summary judgment for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). (ECF No. 45, PageID.345-359.) Plaintiff filed a response (*see* ECF No. 51), within which he:

- claims "[t]he MDOC denied a request for a grievance while on Modified Access, so that would be the end of possible administrative remedies with regard to that grievance . . . [,]" (*id.*, PageID.712);

- contends Ouellette's "lack of argument on the propriety of the rejection constitutes waiver of her exhaustion argument[,]" (*id.*, PageID.716);

- cites *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("We consider issues not fully developed and argued to be waived.") (*id.*, PageID.716);

4

- cites *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005) (*id.*, PageID.716);

- mentions modified access (*id.*, PageID.716, 717); and,

- attaches a letter, presumably from a grievance coordinator, which mentions modified access (*id.*, PageID.723).

Given Defendants' exhaustion argument (ECF No. 45, PageID.353-359) and Plaintiff's response's above-delineated references to "modified access" or "propriety of the rejection[,]" the GPHS Defendants' reply's mention of LCF-22-06-0461-28c as "the only proper grievance mentioning" Ouellette and as "properly rejected at all three steps of the grievance process . . . [,]" and the reply's mention of "modified access" are permissible, as is their assertion that *Walker* "is not analogous as Plaintiff's First Amendment claim does not allege a retaliation claim relating to grievances." (*See* ECF No. 53, PageID.738-739.)[1]

Plaintiff's present motion to strike and his related reply each touch upon "the propriety of the rejection[,]" (*see* ECF No. 55, PageID.751-752; ECF No. 58, PageID.774), namely challenging Defendants' reply's discussion of LCF-22-06-

---

[1] Plaintiff's motion to strike also contends Defendants' reply (ECF No. 53) "inserted one line not mention[ed] in their original motion [(ECF No. 45)] about Plaintiff's First Amendment retaliation claim[.]" (ECF No. 55, PageID.751.) In their response to the motion to strike, the GPHS Defendants contend that "Plaintiff spends close to three pages in his Response brief on the First Amendment *retaliation* claim[,]" (ECF No. 57, PageID.769-770 (emphasis added)). The Court disagrees, as it sees only references to "First Amendment religious right . . . [,]" within Plaintiff's May 17, 2024 response. (*See* ECF No. 51, PageID.715, 718, 720.)

5

0461-28c as to Ouellette (*see* ECF No. 53, PageID.738-739) when Plaintiff's response states that "Defendant Ouellette['s] lack of argument on the propriety of the rejection constitutes waiver of her exhaustion argument[,]" (ECF No. 51, PageID.716).   Also, Plaintiff's motion to strike and related reply each touch upon "modified access," namely challenging Defendants' reply's discussion of "modified access" discussion (ECF No. 53, PageID.738-739) when Plaintiff's response (*see* ECF No. 51) "did not raise any issues concerning the modified access issue."  (ECF No. 58, PageID.774; ECF No. 55, PageID.747, 751.) Nonetheless, the Court is not, at this point, convinced that the GPHS Defendants' filing (ECF No. 53) offends the scope of a reply brief.  Plaintiff may rest assured that the Court is fully capable of recognizing unsupported or beyond-the-scope arguments in reply briefs, knows what is appropriate to consider and what is not, and is rarely shy about indicating when it finds a brief to have offended either the procedural rules or its sensibilities; should the Court so find when it takes up this briefing on the merits, it will so indicate.  Accordingly, Plaintiff's motion to strike (ECF No. 55) is **DENIED**, and the Court will consider the GPHS Defendants' reply (ECF No. 53) when it addresses the related motion (ECF No. 45), under separate cover.

**IT IS SO ORDERED.**[2]

Dated: July 16, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).