UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CARSON
SMITH,

        Plaintiff,

v.

CHAD E. MARKWELL,
CONNIE LESTER,
NATHAN MIKEL,
MAGEN OAKS,
MARGARET OUELETTE,
PETER SICES,
HEIDI WASHINGTON, and
GRAND PRAIRIE
HEALTHCARE SERVICES,

        Defendants.
_____/

Case No. 2:23-cv-11067
District Judge Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

## ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTION OF MDOC DEFENDANT MARKWELL (ECF No. 52)

Christopher Carson Smith is currently located at the Michigan Department of Corrections (MDOC) Cooper Street Facility (JCS). (ECF No. 72, PageID.866.) This case has been referred to me for pretrial matters. (ECF Nos. 7, 10.)

**A.    Defendant Markwell passed away while service was in process.**

Plaintiff is proceeding *in forma pauperis*; thus, the Court and the USMS have facilitated service upon Defendants (*see* ECF Nos. 2, 5, 6), initially in June 2023 (ECF No. 8) and then in October 2023 (ECF Nos. 27, 28, 29, 37). In

1

November 2023, the USMS again attempted service upon Markwell, a religious chaplain, by mail (ECF No. 30), and it appears this attempt was successful. The Domestic Return Receipt was signed by B. Cox on November 25, 2023 (ECF No. 31), and, on January 10, 2024, Assistant Attorney General (AAG) Joseph Y. Ho entered an appearance on Markwell's behalf and filed a demand for trial by jury (ECF Nos. 35, 36).

However, on March 20, 2024, the AAG informed the Court that Defendant Markwell had passed away on November 11, 2023, stated that his "proposed successor is his wife, Crystal Markwell[,]" and stated that "Mrs. Markwell may be contacted via [AAG] Allan J. Soros . . . ."  (ECF No. 43.) Incidentally, AAG Soros has not entered an appearance in this matter.

### B. Plaintiff has filed a motion for substitution of Defendant Markwell.

Currently before the Court is Plaintiff's May 17, 2024 "motion for substitution," which cites Fed. R. Civ. P. 25(a)(1) and asks the Court to "enter an order of substitution for Defendant Chad E. Markwell" for AAG Ho or Crystal Markwell. (ECF No. 52.) The MDOC Defendants have filed a response (ECF No. 54), and Plaintiff has filed a reply (ECF No. 56; *see also* Text-Only Order (July 2, 2024)).

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any

party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).  Here, the MDOC Defendants filed a suggestion of death on March 20, 2024 (ECF No. 43), and, fifty-eight (58) days later, Plaintiff filed his May 17, 2024 motion for substitution (ECF No. 52).

On June 18, 2024, I entered a text-only order, which directed counsel for the MDOC Defendants to provide evidence showing: (1) the suggestion of death (ECF No. 43) was served upon Crystal Markwell in accordance with Fed. Rules Civ. P. 4 and/or 25(a)(3); and, (2) the legal basis (*e.g.*, personal representative, executor, trustee, etc.) that she is the appropriate representative of the Estate of Chad Markwell.  On July 16, 2024, I entered an order setting a July 26, 2024 deadline for the MDOC's response.  (ECF No. 59.)

On July 26, 2024, the MDOC Defendants – via AAG Joseph Y. Ho – filed a response, representing that "Ms. Markwell has not been appointed a personal representative, executor, or trustee of Chad Markwell, nor does there appear to be a probate estate." (ECF No. 60.)  In addition, the MDOC Defendants' July 26, 2024 filing states they "withdraw their motion for substitution." (ECF No. 60, PageID.785.)  However, it is not *their* motion to withdraw; it is *Plaintiff's* motion for substitution (*see* ECF No. 52).  To date, it is not clear that the MDOC

3

Defendants' suggestion of death (ECF No. 43) has been served upon Crystal Markwell, notwithstanding the Court's June 18, 2024 order requiring proof of service upon Crystal Markwell in accordance with Fed. Rules Civ. P. 4 and/or 25(a)(3). In Plaintiff's opinion, "MDOC Defendants have still refused to properly serve Crystal Markwell, the wife of Chad Markwell, who would be the legal possessor of Chad Markwell's [assets]." (ECF No. 63.) It is not clear if they have or they have not, but Attorney Ho's replacement is advised to address this quickly. Upon consideration, the Court concludes that either the MDOC, as Defendant Markwell's former employer, or counsel for the MDOC Defendants – now AAG John L. Thurber (*see* ECF No. 66) – is in a better position than Plaintiff to identify and locate Defendant Markwell's "successor or representative[,]" Fed. R. Civ. P. 25(a)(1). *See Reilly v. Donnellon*, No. 19-11249, 2021 WL 2187151, at *3 (E.D. Mich. May 28, 2021) (Parker, J., *rejecting report and recommendation of* Ivy, M.J.) ("this Court believes that Evenson's former employer and a defendant in this matter, is in a better position than Plaintiff to identify Evenson's representative."); *Lawson v. Cnty. of Wayne*, No. 11-11163, 2012 WL 5258216, at *3 (E.D. Mich. Oct. 23, 2012) ("Duggan, J.") ("The Court believes that counsel for the suggesting defendant (i.e. Defendant Gray) is in the best position to secure any information available to identify and/or locate such individual. The Court does not intend to impose an 'onerous burden' on the suggesting party, but simply to require the party

4

to make a good faith effort to identify and locate Plaintiff's successor."); *Jones v. Prison Health Serv[i]ces*, No. 11-12134, 2014 WL 117326, at *2-*3 (E.D. Mich. Jan. 13, 2014) (Zatkoff, J., *adopting report and recommendation of* Michelson, M.J.) (quoting *Lawson*). See also *Demyanovich v. Cadon Plating & Coatings, LLC*, No. 10-15119, 2014 WL 7204928, at *3 (E.D. Mich. Dec. 17, 2014) (Cohn, J.) (where Plaintiff passed away during the pendency of his appeal, "it would be inappropriate to require Defendants to serve the Suggestion of Death on Plaintiff's undetermined heirs, when no personal representative was named until more than a month later.").

Accordingly, Plaintiff's motion for substitution (ECF No. 52) is **CONDITIONALLY GRANTED**. The MDOC, as Defendant Markwell's former employer, **SHALL** make a good faith effort to identify and locate Defendant Markwell's "successor or representative[,]" Fed. R. Civ. P. 25(a)(1). Once the Court is informed of Defendant Markwell's successor's or representative's identity, the Court will enter an appropriate substitution for Defendant Markwell.[1]

---

[1] On October 8, 2024, the MDOC Defendants filed a motion for leave to take Plaintiff's deposition remotely (ECF No. 70), which the Court granted by text-only order on October 9, 2024. The Court has reviewed Plaintiff's more recently filed October 18, 2024 response (ECF No. 72) and concludes it does not change the October 9, 2024 text-only order.

5

**IT IS SO ORDERED.**[2]

Dated:  October 31, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).