**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER CARSON SMITH,

      Plaintiff,

v.

CHAD E. MARKWELL, et al.,

      Defendants.

_____/

Case No. 23-11067
Honorable Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 79), GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (ECF No. 45), AND DENYING DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF No. 89)**

## I.     INTRODUCTION

Pro se plaintiff Christopher Carson Smith filed this 42 U.S.C. § 1983 lawsuit against multiple defendants based on his efforts to submit and execute a "prisoner advance directive – do not resuscitate order." (ECF No. 1, PageID.8–13.)

This matter comes before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation dated January 13, 2025 (the "R&R"). (ECF No. 79.) In the R&R, Judge Patti recommends that the Court: (1) grant in part and deny in part the motion to dismiss or, in the

alternative, for summary judgment based on failure to exhaust administrative remedies ("motion to dismiss") (ECF No. 45) filed by defendants Grand Prairie Healthcare Services ("GPHS"), Margaret Ouellette, P.A. ("Ouellette"), and Peter Sices, M.D. ("Sices") (collectively, "defendants"); (2) dismiss all claims against GPHS; and (3) allow Smith to proceed with his First Amendment retaliation claim against Ouellette and any claims asserted against Sices. (*Id.* at PageID.958.) Defendants have filed objections to the R&R, to which Smith responded, and defendants replied. (*See* ECF Nos. 89, 90, 91.)

## II.   ANALYSIS

The Court has had an opportunity to review this matter and finds that Judge Patti reached the correct conclusions for the proper reasons in the R&R.  The Court has reviewed defendants' objections to the R&R and comes to the following conclusions.

### A.   Objection No. 1

In their first objection, defendants argue that Judge Patti erred when he found that Smith brought a valid claim for First Amendment retaliation. The Court finds defendants' argument untimely, foregone, and unsupported. In the motion to dismiss, defendants acknowledged

that Smith "allege[d] violations of the First Amendment" (ECF No. 45, PageID.335, 345), then they only summarily mention the First Amendment one more time. (*See id.* at PageID.359 ("Defendant did not file any grievance alleging: . . (4) Defendants violated his First Amendment right relating to his religious beliefs. Here, because Plaintiff [did not] grieve the issues in his Complaints, Defendants did not have proper notice of Plaintiff's grievances.").) In other words, in their motion, defendants never argued that Smith had failed to assert a prima facie case for a First Amendment retaliation claim. Ironically, in objection 1, defendants fail to challenge Judge Patti's conclusion that Smith appropriately grieved his First Amendment retaliation claim. For these reasons, the Court **DENIES** objection 1.

### B.    Objection No. 2

In objection 2, defendants argue Judge Patti erred when he found that Smith exhausted his administrative remedies by attempting to file an inappropriate grievance while on modified access; specifically, defendants argue that Judge Patti misapplied the holding of *Walker v. MDOC*, 124 F. App'x (6th Cir. 2005), on the issue of exhaustion. However, the Court finds that Judge Patti never <u>applied</u> *Walker*; rather, *Walker*

was mentioned in one sentence of the R&R that identified one of Smith's arguments. (*See* ECF No. 79, PageID.945.) That sentence was: "Plaintiff also relies upon *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005) ('if a grievance officer dismissed a non-frivolous complaint by Walker, that would be the end of possible administrative remedies with regard to that grievance, and a court would thus have jurisdiction to hear a related federal claim, since all possible administrative remedies would have been attempted.')." (*Id.*)

In fact, Judge Patti's conclusion regarding exhaustion of grievances while Smith was on modified access was rooted in *Reeves v. Corr. Med. Servs.*, No. 08-13776, 2009 WL 3876292, at *6 (E.D. Mich. Nov. 17, 2009) (Cleland, J., adopting report and recommendation of Morgan, M.J.). In *Reeves*, Judge Cleland stated, "Given that PD 03.02.130 does not establish any administrative procedure for a prisoner on modified access to appeal after a grievance coordinator has denied the prisoner's request for a Step I grievance form on a *non-frivolous* complaint, the Sixth Circuit has held that a Michigan prisoner who has been denied a Step I grievance form under such circumstances has exhausted his available

administrative remedies." *Id.* (emphasis added). Defendants do not challenge Judge Patti's application of *Reeves*.

Finally, like Judge Patti and for the reasons stated in the R&R,[1] the Court concludes that there is a genuine dispute of material fact as to whether the May 27, 2022 denial of Smith's May 26, 2022 request while on modified access constitutes exhaustion of his available administrative remedies as to Smith's claim(s) against Ouellette for the events of May 24–26, 2022.

Accordingly, the Court **DENIES** objection 2.

### C.   Objection No. 3

Defendants argue that Judge Patti erred when he concluded that there is an issue of material fact whether (Step I) grievance STF-0752 properly identified Sices for the purposes of exhaustion. Defendants assert that "nothing in the Step I grievance of STF-0752 puts any officials on notice of any wrongdoing or misconduct of Dr. Sices." (ECF No. 89, PageID.1045.) Defendants contend that Smith's Step I grievance alleged

---

[1]Specifically, as Judge Patti stated, those reasons include: (a) Smith's May 26, 2022 request and the May 27, 2022 denial; (b) Smith's apparent challenge to the propriety of the response; (c) defendants' unconvincing reply to Smith's modified access argument; and (d) the apparent absence of a mechanism to appeal a denial under MDOC PD 03.02.130 ¶ MM, as discussed in *Reeves*. (*See* ECF No. 79, PageID.947.)

that Smith "was forced to speak with Dr. Sices" pursuant to policy (MDOC PD 04.07.107 ¶ P), a statement Judge Patti agreed was "more accurate," and nothing more. (ECF No. 79, PageID.954–955.) Defendants acknowledge in their motion that Smith's complaint alleges that Sices falsified a statement that Smith did not need to sign a DNR, but they argue that allegation is not mentioned in STF-0752. (ECF No. 45, PageID.358.)

The Court is not persuaded by defendants' contention that they— and Sices—were not on notice in the Step I grievance of any wrongdoing or misconduct by Sices. First, and importantly, defendants acknowledge that grievance STF-0752, filed on September 15, 2022, "names Defendant Sices" with respect to the events of August 26, 2022. (ECF No. 45, PageID.358; ECF No. 89, PageID.1045.) Second, as Judge Patti notes and as discussed in more detail below, the grievance materials for STF-0752 address the August 26, 2022 visit with Sices and Sices' alleged wrongdoing or misconduct. (ECF No. 79, PageID.954; ECF No. 46, PageID.616.) These facts distinguish the instant case from the case defendants directly and indirectly cited and quoted in their objection and their reply to the response to their objection. (*See* ECF No. 89,

6

PageID.1045–1046; ECF No. 91, PageID.1057–1058 (citing and quoting *Henry v. Parr-Mirza,* No. 24-10595, 2025 WL 597023, at \*3 (E.D. Mich. Jan. 31, 2025), report and recommendation adopted, No. 24-10595, 2025 WL 595158 (E.D. Mich. Feb. 24, 2025)).)

In *Henry* and all the cases cited in the language from *Henry* that defendants quoted, the courts dismissed the cause of action against the defendant(s) whom plaintiff failed to name in the grievance. *See id.* at \*3*; Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Tietz v. Corizon Health, Inc.*, No. 20-10814, 2024 WL 1444955, at \*6 (E.D. Mich. Apr. 3, 2024); *Pasley v. Maderi*, No. 13-13251, 2014 WL 5386914, at \*4 (E.D. Mich. Sept. 15, 2014); *Bird v. Mansfield*, No. 12-cv-238, 2013 WL 4782369, at \*3 (W.D. Mich. Sept. 5, 2013).

In *Tietz*, the court also dismissed claims against one defendant because plaintiff failed to allege "mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *See Tietz*, 2024 WL 1444955, at \*8. That court found that both grievances against defendant Tolley, who was sued for alleged denial of healthcare, were based on alleged religious

discrimination, so Tietz failed to exhaust his administrative claims for denial of healthcare with respect to Tietz. *Id.*

The Court finds that this case is unlike *Tietz.* In grievance STF-0752, Smith complained about his allegedly signed Do Not Resuscitate Order (with two staff witnesses), and he: (1) named Sices; (2) alleged that he was "forced to speak" with Sices regarding the Do Not Resuscitate Order; and (3) alleged that "[a]ll parties violated my Constitutional Religious Free Exercise claims and the Civil Rights of Institutionalized Persons Act (4 U.S.C. 1997) by requiring that I either have a medical provider sign the Do Not Resuscitate order or not be allowed a Do Not Resuscitate order." (*See* ECF No. 46, PageID.616.)

Nonetheless, like Judge Patti, the Court concludes that grievance STF-0752 put defendants and Sices on notice of Sices' alleged wrongdoing or misconduct related to the Do Not Resuscitate order. Although Smith did not state in Step I of grievance STF-0752 that Sices falsified a statement that Smith did not need to sign a DNR, Smith was not, and could not have been, privy to any information that Sices' misconduct included a falsified statement until the response to the Step I grievance was prepared and provided to Smith.

For the reasons stated above, the Court **DENIES** objection 3.

### D.    Conclusion

Finding no error in the R&R, the Court adopts the R&R (ECF No. 79) in its entirety.

## III.    CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Report and Recommendation dated January 13, 2025 (ECF No. 79) is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that defendants' objections to the January 13, 2025 Report and Recommendation (ECF No. 89) are **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (ECF No. 45) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that defendant Grand Prairie Healthcare Services is **DISMISSED** from this cause of action.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

DATED: September 4, 2025

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2025.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager