UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CARSON SMITH,

        Plaintiff,

v.

CHAD E. MARKWELL, et al.,

        Defendants.

Case No. 2:23-cv-11067
District Judge Jonathon J.C. Grey
Magistrate Judge Anthony P. Patti

_____/

## ORDER DENYING PLAINTIFFS MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 107)

### A. Instant Motion

Currently before the Court is Plaintiff's February 24, 2026 motion for appointment of counsel.  In his motion, Plaintiff respectfully requests that counsel be appointed for him in this civil matter because his recent conditions and circumstances have made it difficult for him to respond to motions. (ECF No. 107, PageID.1183-1184.)  Plaintiff specifically identifies the following: two transfers within ninety days, his placement in "group therapy at a higher level with lower level points[,]" MDOC staff removing computers in the law library, his cerebral palsy (CP), and the remaining balance Plaintiff owes to the Western District of Michigan. (*Id.*)

**B. Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings in *forma pauperis* are governed by 28 U.S.C. §1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added).  The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

With respect to prisoner civil rights cases, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases. [internal citation omitted] The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v.* Smith, 110 F. App'x 633, 635 (6th Cir. 2004).  In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782

2

(6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

### C. Analysis

#### 1. Probable merit of Plaintiff's claims

Plaintiff, a state prisoner, brought this lawsuit alleging, *inter alia*, that "Defendant Grand Prairie Healthcare Services has policy and/or procedure requiring their employees to deny the religious beliefs of prisoners and subject them to why life is so important talks" (ECF No. 1, PageID.13, ¶ 9) and further alleging:

> that there is indeed an internal procedure not written clearly in policy directive that a prisoner within the Michigan Department of Corrections can not file a Do Not Resuscitate Order without the expressed permission and signature of a Defendant Grand Prairie Healthcare services employee, and that the Do Not Resuscitate order may not be filed unless and until a Defendant Grand Prairie Healthcare Services employee consents to a prisoners religious beliefs.

(*Id.*, PageID.11, ¶ 4).

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims. The Court generally waits to seek *pro bono* counsel until the cases survives all dispositive motion practice, which Plaintiff readily recognizes in his motion. (ECF No. 107, PageID.1184.) This is due to the limited number of *pro*

*bono* counsel who are willing and available, and the significant number of individuals who would like the help of volunteer attorney services.

Defendants Connie D. Lester, Chad E. Markwell, Nathan Mikel, Magen Oaks, Heidi Washington, Margaret Ouellette, and Peter Sices have filed motions for summary judgment under Rule 56 Fed. R. Civ. P. 56. (ECF No. 109, 110), on which the Court has not yet ruled. It is premature for the Court to assess the merit of the Plaintiff's claims as two motions for summary judgment remain unresolved.

Therefore, absent exceptional circumstances, at this stage of litigation it is too early for the Court to recruit *pro bono* counsel.

### 2. Nature of the case and the complexity of the issue

Plaintiff does not state that the issues in this case raise extraordinarily complex factual or legal issues. Although his complaint names multiple defendants and references institutional policies and procedures, Plaintiff does not identify any specific factual disputes or legal theories that suggests an exceptional circumstance is present. (ECF No. 1, PageID.1, 11.) While this Court acknowledges the sensitive and serious nature of claims regarding religious beliefs, they are neither novel nor unusually complex within the context of civil rights litigation or within prisons. Though having counsel would be helpful in this matter, the Court cannot find that the nature and complexity of this case favor the recruitment of counsel at this time.

### 3.    Indigency and ability of Plaintiff to represent himself

Plaintiff claims, "[he] still owes around $181.43 in the Western District of Michigan[.]" (ECF No. 107, PageID.1184.)  The Court will assume from this and because Plaintiff is incarcerated that he is indigent.  However, "indigence alone … is not an exceptional circumstance." *Buchanan v. Lee*, 618 F. Supp. 3d 707 at 712 (M.D. Tenn. 2022).

### a.  External barriers

Plaintiff identifies certain barriers that he has either experienced or anticipates he will encounter.  First, he states that he "has been transferred twice within 90 days, [was] removed from his group therapy, and placed in group therapy at a higher level with lower-level points, making it difficult to respond to motions and file motions." (ECF No. 107, PageID.1183.)  It is not entirely clear what this means or why this adversely affects his ability to litigate.  He also alleges he was not properly served a motion by Defendant Nathan Mikel (ECF No. 105), which the Court denied as unnecessary. (ECF No. 107, PageID.1183.).

 Though Plaintiff may be concerned that his transfers, group therapy conditions, and the alleged improper service of Defendant Mikel's motion could adversely affect the outcome of this lawsuit, these barriers have not materialized. Indeed, Plaintiff filed this very motion with the Court after these conditions arose, and they have not inhibited his ability to communicate with the Court.

Should these concerns materialize, Plaintiff may pursue remedies available to him outside of this suit if he encounters unlawful interference with his rights or unduly onerous restrictions on his ability to litigate. He may file the appropriate grievance with the prison.  He may also seek assistance from opposing counsel, if necessary, to overcome minor bureaucratic difficulties, or request an extension of time from the Court.  These types of difficulties, while unfortunate, are common obstacles prisoners may encounter while incarcerated and do not constitute exceptional circumstances which justify appointment of counsel.

### b.  Physical barriers

Second, Plaintiff states that he "has documented medical conditions of cerebral palsy and cannot [sic] write out motion[s] and other papers needed to be filed." (ECF No. 107, PageID.1184.)  He further states that although he has submitted a disbursement to re-ink his typewriter ribbons, he alleges such disbursement has not been processed. (*Id.*)

The Court acknowledges Plaintiff's representation that he suffers from a medical condition, although Plaintiff attaches no medical records or opinions to this motion that would clarify how his CP affects his abilities with respect to this litigation; however, Plaintiff's filings illustrate his ability to clearly provide the Court with motions, objections and responses in the instant action. (*See, e.g.*, ECF Nos. 76, 103, 106 & 108 and *passim.*)  Despite Plaintiff's condition, he presents

neat, and clear filings with the Court, including the instant motion.  In fact, part of Plaintiff's complaint is handwritten and easily legible. (ECF No. 1, PageID.1-3, 6-9, 14-20, 23.)  There is no indication that his condition has affected his ability to effectively communicate with the Court, or his competence to handle the matter on his own behalf.   Indeed, his motion does so with an impressive level of sophistication. While CP may indeed be debilitating, and the Court does not make light of it, the Court also knows from experience that there is a large spectrum of functional abilities among those who suffer from it, including some within the CP community who practice law.  In other words, having CP is not, *in and of itself*, necessarily so debilitating as to automatically count as an extreme circumstance warranting recruitment of counsel. Thus, the Court is not persuaded that Plaintiff's current obstacles require the recruitment of counsel.

### c.  Limited access to a law library

Third, Plaintiff claims that MDOC staff have removed computers in the electronic law library without notice, which has prevented his access to case law, court rules, and materials. (ECF No. 107, PageID.1183.)  Within the Sixth Circuit, courts are required to provide prisoners and pre-trial detainees with "meaningful access to the court," which may include access to adequate law libraries.  *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990).  Limited access to a law library, however, applies to many incarcerated *pro se* litigants and does not

constitute an exceptional circumstance. *Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 U.S. Dist. LEXIS 89044, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) ("[c]ircumstances common to most prisoners, such as . . . limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Garrett v. Searfoss*, No. 3:18-cv-12844, 2018 U.S. Dist. LEXIS 209921, *2-4 (E.D. Mich. Dec. 13, 2018) (denying motion for appointment of counsel by Plaintiff who claimed limited access to a law library). Moreover, "adequate law libraries are *one constitutionally acceptable method* to assure meaningful access to the courts…." *Bounds v. Smith*, 430 U.S. 817, 830 (1977) (emphasis added); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("Bounds did not create an abstract, freestanding right to a law library….")

Therefore, Plaintiff does not present an exceptional circumstance which would presently warrant this Court's intervention. The Court also notes that it has already accommodated Plaintiff's arguable difficulties by providing him with *seven weeks* for responding to the pending summary judgment motions, which more than doubles the 21-day response period provided in the Local Rules. See E.D. Mich. LR 7.1(e)(2)(A). If this case survives summary judgment and is proceeding to trial, the Court can revisit whether to recruit counsel and generally does so at that juncture.

**D.   Order**

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 107)

is **DENIED WITHOUT PREJUDICE.**  Plaintiff may petition the Court for the

recruitment of *pro bono* counsel if this case survives all dispositive motion

practice, proceeds to trial, or other exceptional circumstances demonstrate such a

need in the future.

**IT IS SO ORDERED.**[1]

Dated: March 27, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1]  The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).